Hon. John A. Porco County Attorney, Putnam County
We acknowledge receipt of your letter inquiring whether a town chairman of a political party committee may be appointed as a county commissioner of elections. We enclose for your examination copies of two informal opinions of this office, one published in 1972 Opinions of the Attorney General 132 and the other in 1975 Opinions of the Attorney General 163. We also enclose a copy of an opinion of the Comptroller, 25 Op Compt 285. The 1972 opinion of this office reached the conclusion that the same individual could hold the public office of member of a board of cooperative educational services and also the position of chairman of a political party committee. This conclusion was reached because there was no specific constitutional or statutory provision prohibiting a person from holding these positions at the same time and because a chairman of a political party committee is not a "public" officer but a "party" officer. The 1975 opinion which we rendered related to a person being a county chairman of a political party committee and at the same time a village manager and was decided on the same basis, namely, that there was no specific constitutional or statutory prohibition and that the political party position was not a "public" office. The opinion of the Comptroller concluded that since the Election Law section 30 subd 2 (subsequently superseded) provided that a commissioner of elections while holding such office may hold "party" positions and since the overall purpose of the law is to insure that elections be in the charge of a bipartisan board, there is no legal objection to a commissioner of elections serving concurrently as chairman of a political party.
Election Law § 3-200 subd 4 contains a prohibition against appointment of a person as an election commissioner if that person holds any other than certain specified "public" offices. The specific authorization contained in the former statute allowing the commissioner to hold party positions was not repeated but there is no prohibition against a commissioner holding party positions. The omission of the authorization is of no moment because no prohibition can be presumed and such chairmanship is not a "public" office.
In our opinion, a chairman of a political party is not barred by specific constitutional or statutory provision and does not as such chairman, hold a public office, so while holding that position may be appointed and may serve as a county commissioner of elections.